■ In the Matter of LETICIA ROSE M., a Child Alleged to be Permanently Neglected. In the Matter of SENSIREE LEE M., a Child Alleged to be Permanently Neglected.—In two proceedings (one as to each child) pursuant to article 6 of the Family Court Act, the appeals, by the mother, are from two orders of the Family Court, Westchester County, both dated March 23, 1976, each of which, after a hearing, *inter alia,* adjudged an infant to be permanently neglected, and permanently terminated parental custody, "subject to and conditioned upon the institution of adoption proceedings" within a specified period of time. Orders affirmed, without costs or disbursements. There was sufficient evidence to warrant the adjudications of permanent neglect and the terminations of parental custody within the purview of the pertinent provisions of article 6 of the Family Court Act. Moreover, we consider that the best interests of the children were served thereby (see *Matter of Bennett v Jeffreys,* 40 NY2d 543; *Matter of Orlando F.,* 40 NY2d 103, 110). Hopkins, Acting P. J., Damiani, Rabin, Shapiro and Titone, JJ., concur.

■ In the Matter of ROXANNE NADOLSKY, Individually and on Behalf of Her Children, MICHELE and Another, Petitioner, v NOAH WEINBERG, as Commissioner of the Rockland County Department of Social Services, et al., Respondents.—Proceeding pursuant to CPLR article 78 to review so much of a determination of the respondent Commissioner of the New York State Department of Social Services, dated May 17, 1975 and made after a statutory fair hearing, as affirmed a determination of the Rockland County Department of Social Services that petitioner had received a $1,500 overpayment of assistance due to concealed income, and that such amount would be recouped by reducing petitioner's grant. Petition granted and determination annulled insofar as reviewed, on the law, with costs. The record does not contain any evidence that petitioner received $1,500 in real estate commissions prior to receiving her last welfare check. To the contrary, it appears that she decided not to attend her recertification interview, being aware that expected real estate commissions would shortly render her ineligible for further assistance. Rather than conceal the receipt of those funds, she decided to utilize them instead of public assistance. When the moneys were exhausted, she reapplied for assistance, disclosing the receipt and use of the commissions. Accordingly, the recoupment for alleged fraud was improper. Hopkins, Acting P. J., Martuscello, Cohalan, Margett and Shapiro, JJ., concur.